UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-80187-CR-ROSENBERG

UNITED STATES OF AMERICA

v.

ROBERTO RODRIGUEZ,

Defendant.
_____/

**REQUEST FOR A VARIANCE**

The Defendant, ROBERTO RODRIGUEZ, by and through his undersigned counsel, and pursuant to U.S.S.G. § 6A1.2-3, p.s., Fed. R. Crim. P. 32 (d), (e)(2) and (f), and the Fifth and Sixth Amendments to the *United States Constitution*, respectfully files his Request for a Variance, and as grounds thereof, states as follows:

**I. INTRODUCTION:**

Roberto Rodriguez has pled guilty to one count of Conspiracy to Possess with Intent to Distribute Five Kilograms of more of Cocaine, 21 U.S.C. 846 and 841(a)(1),(b)(1)(A) and two counts of Possession with Intent to Distribute 500 grams or more of Cocaine, 21 USC § 841(a)(1)(b)(1)(B) and sentencing is pending. His acceptance of responsibility, cooperation, and profound remorse in

1

this case were immediate, and he signed both a written Plea Agreement and Factual Proffer.

Roberto Rodriguez is 39 years old and has been incarcerated since October 12, 2023. He has no prior criminal history.

Pursuant to *U.S. v. Booker,* 543 U.S. 220 (2005), the federal sentencing process has adopted a three step approach. (See Fed. R. Crim. P. 11(M), amended December 1, 2007, *U.S. v. Pugh*, 515 F. 3d 1179 (11th Cir. 2008) and Amendment 741 of the Sentencing Guidelines, effective November 1, 2010.  While the parties agree that the PSI has the base offense level at 32, with a 2 level increase, pursuant to 2D1.1(b)(1), and a 3 level increase pursuant to 3B1.1(b), for a total base offense level of 37. The Defendant has also received a 3-level reduction for a timely acceptance of responsibility, for a final base offense level of 34. With a Criminal History of 1, for a recommended sentence of 151-188 months imprisonment. Both the Defendant and Government would like to point out that when the Defendant entered a plea of guilty on March 14, 2024, the plea agreement stated that the parties, (although not binding on the court), agreed that the Defendant scored 151-188 months imprisonment, with the parties recommending the low end of the guidelines.

Second, the Court is to consider if there are any factors that may warrant a departure from the *advisory* guideline range.

Lastly, the Court is to consider all of the sentencing factors of 18 USC § 3553(a) and impose a sentence which is *reasonable and not greater than necessary* to achieve the sentencing objective set forth in 18 USC § 3553(a).

## II. SENTENCING SUBMISSION AND REQUEST FOR A VARIANCE:

Roberto Rodriguez has pled guilty to one count of Conspiracy to Possess with Intent to Distribute five kilograms or more of Cocaine and two counts of Possession with Intent to Distribute 500 grams or more of Cocaine. The total offense level is 34, the *advisory* guideline range is 151 to 188 months. The parties will jointly recommend a low-end sentence. However, while Roberto is accepting full responsibility for the firearm that was found pursuant to a search, Roberto would like to Court to know that this firearm was given to him as a gift long before he became involved in this criminal conspiracy. It is the possession of this firearm that negates Roberto's totally clean criminal history. Further, as a result of being in possession of this firearm, this Court has no discretion to sentence Roberto below the 10 year minimum mandatory. It is Roberto's position that a sentence of ten years would be more than sufficient to satisfy the sentencing objectives set forth in 18 U.S.C. 3353(a).

**Nature and Circumstances of Offense**:

1. **Factual Proffer**: Both the written Plea Agreement and Factual Proffer in this case were signed by the parties on March 14, 2024. Roberto Rodriguez agrees with all the information contained in these filings and no objections have been made.

2. **Speedy Resolution of Criminal Liability**: Roberto Rodriguez acceptance of responsibility for his involvement in this case, his cooperation with the Government, and his profound remorse were all immediate. He has signed both a written Plea Agreement and Factual Proffer and has pled guilty. Roberto Rodriguez has done all he can to quickly resolve his criminal liability in this case.

**History and Characteristics of Defendant**:

1. **Roberto Rodriguez's Personal and Family History**: Roberto Rodriguez is a 39-year-old who was born in Florida, and has lived his entire life either in Puerto Rico or South Florida. He has absolutely no prior criminal history.

Roberto Rodriguez has been steadily employed his entire life, with the exception of 2019-2020, where like many American's, he was unemployed do to the COVID epidemic.

**History and Characteristics of Defendant**:

    1.    **Roberto Rodriguez's Personal and Family History**: Roberto Rodriguez is a 39-year-old who has lived in Florida and Puerto Rico his entire life. Mr. Rodriguez has been with his wife since 2010, and they eventually got married and had two children. He has zero criminal history points.

Mr. Rodriguez has been continuously employed since 2012, always in the field of manufacturing. In addition, Mr. Bradley is financially responsible for 2 children. His children are both financially and emotionally dependent on their father.

    2.    **Roberto Rodriguez's Extraordinary Family Ties and Responsibilities**: Effective October 27, 2003, the Sentencing Commission amended § 5H1.6 to limit the availability of departures for family ties and responsibilities. The new application notes, § 5H1.6, comment. (n.1(A)(i)-(iii), instructs the court to consider the seriousness of the offense, the defendant's involvement in that offense, and the members of the defendant's family. Further, comment. (n.1(B)(i)-(iv) requires the court to consider if "<u>the defendant's service of a sentence within the guideline range will cause a substantial loss of essential care-taking or essential financial support to his family</u>," that "<u>the loss of care-taking or financial support exceeds the harm ordinarily incident to incarceration for</u>

5

a similarly situated defendant," that "<u>the loss of care-taking or financial support is one in which no effective remedial or ameliorative programs reasonably are available,</u>" and that "<u>the departure will effectively address the loss of care-taking or financial support</u>. Notwithstanding this pre-Booker amendment, Roberto asks this Court to consider his family ties and responsibilities as a § 3553 sentencing factor, again consistent with the terms of the written Plea Agreement.

Courts have addressed the issue of incarcerating parents of very young children and much has been written on the subject.

- "Children with fathers who have been incarcerated are significantly more likely than other children to be expelled or suspended from school (23% compared to 4%). Pew Charitable Trusts Report "Collateral Costs: Incarceration's Effect on Economic Mobility" (2010) at page 5. "Incarceration also creates economic aftershocks for these children and their families disrupted, destabilized, and deprived of a wage-earner, families with an incarcerated parent are likely to experience a decline in household income as well as an increase likely of poverty. The struggle to maintain ties with a family member confined in an often-distant prison creates additional financial hardship for already fragile families left behind." Id. At page 18.

6

- "Parental incarceration contributes to higher rates of delinquency, mental illness, and drug abuse, and reduces level of school success and later employment among children." Unlocking America, Why and How to Reduce America's Prison Population (JFA Institute, November 2007) at page 32.

Courts have responded.

- *U.S. v.* Hammond, 37 F. Supp. 2d 204 (E.D.N.Y. 1999), "a sentence without a downward departure would contribute to the needless suffering of young, innocent children."

- *U.S. v. DeRoover*, 36 F. Supp. 2d 531, 532-33 (E.D.N.Y. 1999), "the unique dependence of children on a defendant is a basis for a downward departure."

- *U.S. v. Chambers,* 885 F. Supp. 12, 14 (D.D.C. 1995), "causing needless suffering of young innocent children does not promote the ends of justice."

- *U.S. v. Johnson*, 964 F. 2d 124, 128-130 (2d Cir. 1992), "we are reluctant to wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing."

Again, Roberto has two children who need the support, both financially and emotionally from their father

**Latest Sentencing Statistics**: The United States Sentencing Commission's "Sourcebook" of Federal Sentencing Statistics for fiscal year 2017 provides

statistics for 66,873 cases sentenced that year.  Specifically, as to 2,282 cases sentenced in the Southern District of Florida last year, 42.9% received sentences below the *advisory* guideline range: 8.7% because of substantial assistance motions and 29.7% almost four times the number of Government sponsored motions, because of the sentencing factors of 18 USC§ 3553. Nationally, the nature and circumstances of the offense and/or history and characteristics of the defendant were cited as reasons for downward variance in 6,930 cases. Indeed, district courts continue to exercise discretion, post-*Booker*, and impose sentences below *advisory* guideline range.

In the case at bar, Mr. Rodriguez is requesting that this Court impose a sentence below the recommended guideline range for the reasons stated above.

Roberto Rodriguez has a wife and two kids who now live with his mother in Delray Beach, since his incarceration. Once Roberto has completed his sentence he hopes to come back to South Florida and resume working at Xpel, installing window tint.  Roberto is requesting that this Court take into account his strong family ties and his lack of criminal record when fashioning an appropriate sentence in this matter.

**Conclusion**: Based upon the facts and factors set forth in this filing, Roberto Rodriguez, respectfully requests this Court to impose a sentence below the *advisory* guideline range.

Roberto Rodriguez and counsel thank this Court for considering our Request for a Variance. Counsel will have further remarks at the time of sentencing.

Respectfully submitted,

BRYAN M. RAYMOND, ESQ.
Attorney for the Defendant
Raymond Office Plaza
2161 Palm Beach Lakes Blvd, Suite 314
West Palm Beach, FL 33409
(561) 682-1115 p
(561) 687-1190 f
(561) 951-4252 c
Bryan@RaymondLaw.net

By: /S/ BRYAN M. RAYMOND
Florida Bar No. 0112550

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /S/ BRYAN M. RAYMOND
Florida Bar No. 0112550

9